IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02066-GPG

SAIN ALEJANDRO FLORES ELACIOS,

    Applicant,

v.

LORETTA LYNCH, Attorney General of the United States,
JEH JOHNSON, Secretary of Homeland Security,
JOHN SUTHERS, U.S. Attorney General for Colorado,
JOHN MORTON, U.S.D.H.S. Director of ICE,
JOHN LONGSHORE, Field Office Director U.S. ICE in Colorado, and
CORINA E. ALMEIDA, Chief Counsel for D.H.S. - ICE,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Sain Alejandro Flores Elacios, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the lawfulness of his detention by federal immigration authorities. The Government has filed a Preliminary Response (ECF No. 7) requesting that the Court dismiss this action for lack of jurisdiction. Applicant has not filed any reply. For the reasons set forth below, the Court concludes that the Application should be denied as moot and the action dismissed without prejudice for lack of jurisdiction.

### A. Relevant Background Information

Applicant was born in Mexico and entered the United States in 1998. (ECF No. 1 at 2, ¶ 11). He was ordered removed on March 8, 2007, and after serving 24 months for a state drug conviction, he was removed from the United States to Mexico on

September 20, 2010.  (*Id.* at 3, ¶¶ 17, 23).   Applicant re-entered the United States without inspection in 2011.  (*Id.,* ¶¶ 19, 24).  In February 2012, Applicant was arrested on drug charges and sentenced to 4 years in state prison.  (*Id.,* ¶ 21).  On June 22, 2012, Applicant's order of removal was reinstated pursuant to 8 U.S.C. § 1231(a)(5) because he reentered the United States illegally after having been removed under an order of removal.  (*Id.,* ¶ 25).  At the conclusion of Applicant's state prison sentence, he was remanded into custody of Immigration and Customs Enforcement ("ICE") on December 23, 2014.  (*Id.,* ¶ 26).  After review of Applicant's custody status, ICE decided, on March 10, 2015 and again on June 22, 2015, to continue Applicant's detention in ICE custody.  (*See* ECF No. 1-2 at 29-30).

On July 21, 2015, an Immigration Judge (IJ) granted Applicant a deferral of removal to Mexico under the Convention Against Torture ("CAT") pursuant to 8 U.S.C. § 1208.17.  (*See* ECF No. 1-2 at 19-28).  The July 21 order expressly stated that the deferral of removal ""[w]ill not necessarily result in the applicant's release from the custody of the Department" and that Applicant "may be removed at any time to another country [other than Mexico] …."  (*Id.* at 27).

Applicant then submitted a letter dated July 31, 2015 to ICE's HQ Post-Order Custody Review Unit ("POCRU") requesting custody review.  (ECF No. 1-2 at 31).

On September 18, 2015, Applicant initiated the instant action by submitting the § 2241 Application contending that he was being unlawfully detained by ICE at the ICE Processing Center in Aurora, Colorado in violation of § 241 of the Immigration and Nationality Act ("INA") and his substantive and procedural due process rights.  (*See* ECF No. 1 at 4-7).  As relief, Applicant seeks an order "(a) [d]eclaring that Petitioners

continued detention is not authorized by the INA and/or violated the Fifth Amendment; (b) [g]ranting this Petition for a Writ of Habeas Corpus and releasing Petitioner under an order of supervision; (c) [d]eclaring that Petitioners continued indefinite detention without a hearing before an impartial adjudicator infringes upon his right to procedural due process in violation of the Fifth Amendment; and (d) [e]njoining Respondents-defendants to conduct an immediate hearing before an Immigration Judge. (e) [o]rder Respondents to refrain from transferring Petitioner out of the jurisdiction of this court during the pendency of this proceeding and while Petitioner remains in Respondent's custody." (*Id.* at 7).

On October 6, 2015, ICE issued a Release Notification advising Applicant that he was being released from ICE custody pending his removal from the United States. (*See* ECF No. 7-1). On October 7, 2015, ICE issued an Order of Supervision setting forth the conditions of Applicant's release from custody. (*See* ECF No. 7-2). Applicant was released from ICE custody on October 7, 2015. (*See* ECF No. 7-3 at 2).

### B.  Standard of Review

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the Applicant "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. §2241(c)(1) (stating that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody."). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517-18 (2003).

### C.  Mootness

In the Preliminary Response (ECF No. 7), Respondents request that this action be dismissed for mootness since Applicant has been released from ICE custody pursuant to an Order of Supervision.

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases involving "a case or controversy." U.S. Const. Art. III, § 2. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Parties must have a "personal stake in the outcome" of the lawsuit at all stages of the case. *Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Consequently, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997) (quotations omitted). "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted). If the Court finds that a case is moot, it must dismiss the case for lack of jurisdiction. *See, e.g., McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7; *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides

that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted).  To satisfy the case or controversy requirement, a habeas petitioner must demonstrate that he has suffered, or is threatened with, an actual injury traceable to respondents and likely to be redressed by a favorable judicial decision.  *Lewis v. Cont'l. Bank Corp.*, 494 U.S. 472, 478 (1990).  Where a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies:  "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."  *See Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (holding that the petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention).

Applicant's claims challenge the lawfulness of his detention by ICE and his request for declaratory and injunctive relief was to secure his release from ICE custody.  Specifically, Applicant alleged that he was entitled to release because he was being held in violation of § 241 of the INA, the substantive due process clause of the Fifth Amendment, and the procedural due process clause of the Fifth Amendment.  (ECF No. 1 at 4-7).  The Court finds that Applicant has failed to set forth any reason as to why his claims are not now mooted by his release from ICE custody under an order of supervision.

Moreover, the Court finds that none of the exceptions to the mootness doctrine recognized in *Riley* apply. Exception (1) is not implicated because Applicant fails to demonstrate a collateral injury resulting from his former detention that does not stem from the order of removal. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006).

Exception (2) does not apply because any concern that Applicant might violate the terms of the Order of Supervision and be detained again for a prolonged period, and ultimately removed from the United States, is based on speculation and therefore fails to satisfy the requirements of Article III. *See McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (noting that speculation that a defendant will "break the law or otherwise violate the conditions of their release . . . would undermine our presumption of innocence . . . and the rehabilitative focus of the parole system"). The possibility of recurrence must be more than theoretical to keep an otherwise moot action alive. *See Murphy v. Hunt*, 455 U.S. 478, 482-83 (1982); *see also Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (A "threatened injury must be 'certainly impending' to constitute injury in fact.") (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)). Further, if the immigration authorities detain Applicant at some future date, there is no reason to believe that the detention will be so short in duration as to deny Applicant the ability to litigate his claim at that time. *See Suarez–Tejeda v. U.S.*, No. 02-6341, 85 F. App'x 711, 716 (10th Cir. 2004) (unpublished).

Further, the "voluntary cessation" doctrine provides Applicant no recourse because there is no indication that the Respondents have released Applicant with the intention of later revoking that release, simply to evade review. *See Patrick v.*

*Gonzales*, No. 07-cv-00470-MSK-MJW, 2008 WL496288, at *1 (D. Colo. 2008) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n. 1 (2001)).

Moreover, an alien's release from post-removal detention "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Zadvydas*, 533 U.S. at 679-700; *see also id.* at 695 ("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

At this time, Applicant has not provided the Court with any facts to suggest that Respondents will impose additional restrictions on his liberty, or that such conditions would violate federal law.  The Order of Supervision does not state that the conditions of Applicant's release are subject to modification.  Further, Applicant does not allege that ICE has threatened to change the terms of the Order of Supervision, nor does he state any facts demonstrating that ICE has a pattern, practice or policy of unilaterally revising the terms of an Order of Supervision.  Purely speculative harm is insufficient to support an award of injunctive relief.  *See RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1210 (10th Cir. 2009) (internal citation omitted).

Therefore, the Court finds that Applicant's October 7, 2015 release from detention pursuant to the Order of Supervision moots his § 2241 Application.  The Court is not able to provide Applicant any meaningful relief at this time.  If Applicant's supervised release is revoked and he is once again detained pending removing, he may challenge the detention in a new § 2241 Application.

For the reasons discussed above, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), filed by Applicant, Sain Alejandro Flores Elacios, is **DENIED** as moot and this action **is DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED   December 9  , 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock
Senior United States District Judge